**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **J. DOE and R.A. DOE,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:19-938** |
| **v.** | : | **(JUDGE MANNION)** |
| **CITY OF WILKES-BARRE,** | : | |
| **ROBERT COLLINS, and** | | |
| **JOHN/JANE DOE 1-5,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Pending before the court is a motion to dismiss the plaintiffs' complaint filed on behalf of the defendant City of Wilkes-Barre. (Doc. 4). Based upon the court's review of the motion and related materials, the defendant's motion will be **GRANTED IN PART AND DENIED IN PART**.

Plaintiffs in this case allege they are sexual assault victims of defendant Robert Collins, a police officer previously employed by the City of Wilkes-Barre, who committed his assault in the course of his employment, under color of state law. Plaintiffs allege that defendant Collins assaulted plaintive J. Doe on numerous occasions between 2012 and 2019. They further allege that defendant Collins assaulted plaintiff R.A. Doe on numerous occasions between 2009 and 2014. Both plaintiffs have brought §1983 claims under the Fourth and Fourteenth Amendments to the United

States Constitution, as well as state law tort claims against defendant Collins and a *Monell*[1] claim against the City of Wilkes-Barre.

Defendant's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(1)[2] and (6)[3]. In its motion to dismiss the plaintiffs' complaint, the City of Wilkes-Barre initially argues that this court lacks subject matter jurisdiction over plaintiff R.A. Doe's claims since her claims are barred by the applicable statute of limitations.

In reviewing the applicability of the statute of limitations to an action filed pursuant to §1983, a federal court must apply the appropriate state

---

[1] *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).

[2] Rule 12(b)(1) provides for the dismissal of a complaint based on a "lack of subject-matter jurisdiction." Fed.R.Civ.P. 12(b)(1). "A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." *Vieth v. Pennsylvania*, 188 F.Supp.2d 532, 537 (M.D. Pa. 2002). Because the district court is a court of limited jurisdiction, the burden of establishing subject matter jurisdiction always rests upon the party asserting it. *See Kokkonen v. Guardian Life. Ins. Co. of America*, 511 U.S. 375, 377 (1994). Further, since defendant's motion to dismiss for lack of subject matter jurisdiction "attacks the complaint on its face", "the court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

[3] Since the standard of review applicable to the defendant's motion to dismiss under Rule 12(b)(6) is stated in the briefs of the parties, the court does not repeat it herein. Suffice to say that "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Also, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008).

statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 n. 9 (3d Cir. 1996); *Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in *Wilson* when it held that "courts considering §1983 claims should borrow the general or residual [state] statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989); *Little v. Lycoming County*, 912 F.Supp. 809, 814 (M.D.Pa.), *aff'd* 101 F.3d 691 (3d Cir. 1996) (Table). Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa.Cons.Stat.Ann. §5524(7) (Purdon Supp.); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir.), *cert. denied*, 474 U.S. 950 (1985).

Federal law governs a cause of action's accrual date. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). The determination of the time at which a claim accrues

is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988). As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. *See United States v. Kubrick*, 444 U.S. 111, 120 (1979). "The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Defendant argues that plaintiff R.A. Doe admits in the complaint that the alleged actions committed by defendant Collins against her occurred between 2009 and 2014. Plaintiffs did not commence this action until February 21, 2019, more than five years after defendant Collins's alleged actions against plaintiff R.A. Doe. As a result, defendant argues that R.A. Doe's claims in Counts I and IV through IX of the plaintiffs' complaint are barred by the applicable two-year statute of limitations and must be dismissed.

In response, plaintiffs argue that R.A. Doe's claims are not barred by the statute of limitations. Instead, they argue that the statute of limitations

should be tolled for a number of reasons. First, the plaintiffs argue for

application of Pennsylvania's discovery rule.

"The discovery rule is designed to 'ameliorate the sometimes-harsh effects of the statute of limitations,' and it is often applied in medical malpractice and latent disease cases in which the plaintiff is unable to discover his or her injury until several years after the tort occurred." *Mest v. Cabot Corp.,* 449 F.3d 502, 510 (3d Cir. 2006) (quoting *Cathcart v. Keene Indus. Insulation*, 471 A.2d 492, 500 (Pa. Super. Ct. 1984) ). The rule tolls the accrual of the statute of limitations when the plaintiff is unable, "despite the exercise of due diligence, to know of the injury or its cause." *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983). Under the discovery rule, the statutory period "does not begin to run until 'the plaintiff knows, or reasonably should know, (1) that he has been injured and (2) that his injury has been caused by another party's conduct.' " *Id.* (quoting *Mest*, 449 F.3d at 510). The plaintiff "bears the burden of demonstrating that he exercised reasonable diligence in determining the existence and cause of his injury." *Mest*, 339 F.3d at 411 (citing *Cochran v. GAF Corp.*, 666 A.2d 245, 249 (Pa. 1995)). "To demonstrate reasonable diligence, a plaintiff must 'establish[ ] that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protections of their own interests and the interests of others.'" *Id.* (quoting *Cochran*, 666 A.2d at 250).

The Supreme Court of Pennsylvania has clarified that reasonable diligence is not "an absolute standard, but is what is expected from a party who has been given reason to inform himself of the facts upon which his right to recovery is premised." *Fine,* 870 A.2d at 858. " '[T]here are [very] few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. This is what is meant by reasonable diligence.'" *Id.* (alteration in original) (quoting *Crouse v. Cyclops Indus.*, 765 A.2d 606, 611 (Pa. 2000)). "Put another way, [t]he question in any given case is not, what did the plaintiff know of the injury done him? [B]ut, what might he have known, by the use

of the means of information within his reach, with the vigilance the law requires of him." *Id.* (quoting *Scranton Gas & Water Co. v. Lackawanna Iron & Coal Co.*, 31 A. 484, 485 (Pa. 1895)). Pennsylvania applies the discovery rule narrowly, placing a heavy burden on plaintiffs invoking the rule. *See Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). "Where ... reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the [C]ourt determines that the discovery rule does not apply as a matter of law." *Fine*, 870 A.2d at 858-59 (citing *Pocono Int'l*, 468 A.2d at 471).

*Soutner v. Covidien, LP*, 2018 WL 5312610, at *4 (M.D. Pa. Oct. 26, 2018).

Here, although plaintiffs argue that R.A. Doe had no cause to believe that she had a valid lawsuit against the City of Wilkes-Barre, she knew of defendant Collins's alleged sexual assault upon her in 2014 and certainly should have been aware of the existence of a *Monell* claim in light of defendant Collins's continued employment with the City. Moreover, it is alleged that R.A. Doe was approached by law enforcement in 2015 regarding the alleged sexual assault upon her and, as early as then, she knew or should have known of defendant Collins's continued employment by the City. The court finds, therefore, that the discovery rule does not apply to toll the statute of limitations.

Plaintiffs also look to apply the doctrine of fraudulent concealment as a method to toll the statute of limitations with respect to R.A. Doe's claims.

Like the discovery rule, the doctrine of fraudulent concealment tolls the running of the limitations period. *Id.* at 860.

- 6 -

"The doctrine is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." *Id.* (citing *Deemer v. Weaver*, 187 A. 215 (1936)). "Fraudulent concealment may be intentional or unintentional; however, 'mere mistake, misunderstanding, or lack of knowledge is insufficient.'" *Bohus*, 950 F.2d at 925 (quoting *Nesbitt v. Erie Coach Co.,* 204 A.2d 473 (Pa. 1964)). Like the discovery rule, however, the doctrine of fraudulent concealment "does not toll the statute of limitations where the plaintiff knew or should have known of his claim despite the defendant's misrepresentation or omission." *Mest v. Cabot Corp.*, 449 F.3d at 516 (citing *Bohus v. Beloff*, 950 F.2d 919, 925-26 (3d Cir. 1991)). "The standard of reasonable diligence, which is applied to the running of the statute of limitations when tolled under the discovery rule, also should apply when tolling takes place under the doctrine of fraudulent concealment." *Fine*, 870 A.2d at 861.

*Soutner*, 2018 WL 5312610, at *5.

Here, because the plaintiffs' complaint does not contain any allegations that the City of Wilkes-Barre committed an affirmative and independent act to divert or mislead R.A. Doe from discovering her injuries, the court finds that the doctrine of fraudulent concealment does not apply to toll the applicable statute of limitations.

Moreover, plaintiffs argue application of the continuing violation doctrine. The continuing violation doctrine provides "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that

would otherwise be time barred." *Cowell v. Palmer Twp*., 263 F.3d 286, 292 (3d Cir. 2001) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am*., 927 F.2d 1283, 1295 (3d Cir. 1991) ). To benefit from the doctrine, a plaintiff must establish both: (1) that "the last act evidencing the continuing practice falls within the limitations period" and (2) that "the defendant's conduct is more than the occurrence of isolated or sporadic acts." *Id*. at 292. "The focus of the continuing violations doctrine is on affirmative acts of the defendants." *Id*. at 293.

"[T]he continuing violations doctrine is not a substitute for a plaintiff's 'awareness of and duty to assert his/her rights' in a timely fashion." *Bennett v. Susquehanna Cnty. Children & Youth Servs*., 592 Fed.Appx. 81, 85 (3d Cir. 2014) (quotation omitted). Moreover, the continuing violation doctrine does not apply to injuries that occurred before the filing period if the plaintiff was aware of those injuries at the time they occurred. *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C*., 331 F.3d 406, 417 n.6 (3d Cir. 2003).

While the focus of the continuing violation doctrine is on the affirmative actions of the defendants, the plaintiffs' complaint in this case is void of any allegation of affirmative action taken by the City of Wilkes-Barre after the

alleged actions of defendant Collins. As such, the court finds the continuing violation doctrine inapplicable.

Finally, the plaintiffs argue for equitable tolling of the statute of limitations under federal law.

> Equitable tolling applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances. This occurs (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. The plaintiff, however, must exercise due diligence in preserving his claim. Equitable tolling is an extraordinary remedy which should be extended only sparingly.

*Hedges v. United States*, 404 F.3d 744 (internal quotations and citations omitted). The plaintiff bears the burden to show that equitable tolling is warranted. *Podobnik v. U.S. Postal Serv*., 409 F.3d 584, 591 (3d Cir. 2005).

In this case, the plaintiffs have not set forth any allegations to demonstrate the requirements of equitable tolling have been met. As such, the court finds that equitable tolling does not operate to toll the statute of limitations on R.A. Doe's claims.

Considering all of the above, the court finds that no doctrine applies to toll the applicable statute of limitations on plaintiff R.A. Doe's claims and those claims are untimely. As such, the defendant's motion to dismiss R.A.

Doe's claims as being barred by the applicable statute of limitations will be granted.

The defendant also argues in its motion to dismiss that Counts II through V of the plaintiffs' complaint fail to state Fourth Amendment claims upon which relief can be granted. Here, defendant argues that plaintiffs assert that defendant Collins violated their Fourth and Fourteenth Amendment rights by allegedly forcing them to have sexual contact with him. Plaintiffs allege in Counts I and IX of the complaint that the City was deliberately indifferent to defendant Collins's actions and failed to investigate his actions despite their knowledge of such. The defendant argues that sexual assault by police officers is properly analyzed under the Fourteenth Amendment and not the Fourth Amendment. Since the plaintiffs have not alleged a legally cognizable Fourth Amendment claim against defendant Collins, the defendant argues that they cannot establish liability against the City for any Fourth Amendment claims. As such, the defendant argues that plaintiffs' Fourth Amendment claims in Counts II through V, as well as in Count I of the complaint must be dismissed.

In considering this argument, the court has already determined that Counts IV and V brought by plaintiff R.A. Doe are barred by the applicable statute of limitations. With respect to the remaining counts relating to J. Doe,

- 10 -

plaintiffs concede defendant's argument that sexual assault allegations against police officers are properly brought under the Fourteenth Amendment, not the Fourth Amendment. They argue, however, that their complaint is not solely based on sexual assault allegations, but also allege instances where the plaintiffs were placed in defendant Collins's police car against their will, transported to other locations against their will, and subjected to searches by him against their will. Because the complaint contains allegations grounded in both sexual assault and in unlawful search and seizure of the plaintiffs' persons, plaintiffs argue that they have adequately pled violations of both the Fourth and Fourteenth Amendments, and the defendant's motion to dismiss should be denied.

Upon review, there are allegations of potential search and seizure violations with respect to plaintiff J. Doe. These allegations include, among other things, that on one occasion, she was removed from a vehicle by defendant Collins without cause, placed under arrest, handcuffed and placed in the back of a marked police vehicle, and on another occasion, she was detained on the side of the road without cause. At this stage of the proceedings, the plaintiff's Fourth Amendment claims will be permitted to proceed.

- 11 -

In light of the foregoing, the defendant's motion to dismiss will be granted in part and denied in part. An appropriate order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**

**DATE: March 30, 2021**
19-938-01