**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **J. DOE and R.A. DOE,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:19-938** |
| **v.** | : | **(JUDGE MANNION)** |
| **CITY OF WILKES-BARRE,** | : | |
| **ROBERT COLLINS, and** | | |
| **JOHN/JANE DOE 1-5,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before this court is a motion to dismiss Plaintiffs' complaint filed on behalf of Defendant Robert Collins. (Doc. 30). Based upon the court's review of the motion and related materials, Collins's motion will be **GRANTED IN PART AND DENIED IN PART**.


## I.     BACKGROUND

Plaintiffs in this case allege that they are sexual assault victims of Collins, a police officer previously employed by the City of Wilkes-Barre, who committed the assaults during his employment, under color of state law. Plaintiff J. Doe alleges that Collins assaulted her on numerous occasions between 2012 and 2019. Plaintiff R.A. Doe alleges that Collins assaulted her

on numerous occasions between 2009 and 2014. Both Plaintiffs have brought §1983 claims under the Fourth and Fourteenth Amendments to the United States Constitution, as well as state law tort claims against Collins, and a *Monell*[1] claim against the City of Wilkes-Barre.

In support of his Rule 12(b)(6) motion, Collins argues that: (1) the two-year statute of limitations time-bars all of R.A. Doe's claims; (2) the two-year statute of limitations time-bars J. Doe's claims that predate May 31, 2017; and (3) the more-specific provision rule bars all Fourth and Fourteenth Amendment claims. (Doc. 30). Additionally, Collins moves for Plaintiffs to proceed as named litigants. (Doc. 30).

By way of relevant procedural background, on June 5, 2019, the other named defendant in this case, the City of Wilkes-Barre, filed a similar Rule 12(b)(6) motion. (Doc. 4; Doc. 11). Therein, the City of Wilkes-Barre raised two of the same arguments pending before this Court regarding: (1) all of R.A. Doe's claims being time-barred; and (2) both Plaintiffs' Fourth and Fourteenth Amendment claims being barred by the more-specific provision rule. (Doc. 4; Doc. 11). By way of a Memorandum and Order dated March 30, 2021, this Court granted the City of Wilkes-Barre's motion to dismiss all of R.A. Doe's claims as time-barred. (Doc. 35; Doc. 36). In the same

---

[1] *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).

Memorandum and Order, this Court denied the City of Wilkes-Barre's motion to dismiss Plaintiff J. Doe's Fourteenth Amendment claims, finding J. Doe pled sufficient facts to plausibly give rise to entitlement to relief at this stage. (Doc. 35; Doc. 36).

## II.   STANDARD OF REVIEW

Collins's motion to dismiss is brought pursuant to Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) allows for dismissal of a complaint with prejudice, in whole or in part, where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P.12(b)(6). To prevail on a Rule 12(b)(6) motion, the defendant bears the burden of establishing that the plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Further, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008).

## III.    DISCUSSION

### A. Timeliness of Claims

In reviewing the applicability of the statute of limitations to an action filed pursuant to §1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Urrutia v. Harrisburg Cnty. Police Dept.*, 91 F.3d 451, 457 n. 9 (3d Cir. 1996); *Cito v. Bridgewater Twp. Police Dept.*, 892 F.2d 23, 25 (3d Cir. 1989). Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa.Cons.Stat.Ann. §5524(7) (Purdon Supp.); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir.), *cert denied*, 474 U.S. 950 (1985). While the Third Circuit permits statute of limitations defenses to be raised under a Rule 12(b)(6) motion, such a motion to dismiss may be granted "only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

Federal law governs a cause of action's accrual date. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991). Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when

the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998). The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988). As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. *See United States v. Kubrick*, 444 U.S. 111, 120 (1979). "The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace v. Kato*, 549 U.S. 384, 391 (2007). "[C]ontinuing conduct of [a] defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." *Kichline v. Consolidated Rail Corp.*, 800 F.2d 356, 360 (3d Cir. 1986) (citing *Fowkes v. Pennsylvania R.R. Co.*, 264 F.2d 397 (3d Cir. 1959)).

## 1.  Timeliness of R.A. Doe's Claims

Collins argues that R.A. Doe admits in the Complaint that all alleged assaults committed against her occurred between 2009 and 2014, outside the statutory window. (Doc. 1; Doc. 31). Thus, Collins argues that all of R.A. Doe's claims in Counts I and IV through IX of the Complaint are barred by the two-year statute of limitations and must be dismissed with prejudice. (Doc. 31).

Counsel for Plaintiffs concedes that the statute of limitations time-bars all of R.A. Doe's claims, referencing this Court's March 30, 2021 Memorandum and Order granting Defendant City of Wilkes-Barre's motion to dismiss all of her claims. (Doc. 35; Doc. 36; Doc. 38).

Here, because the applicable statute of limitations is two years and all of R.A. Doe's claims occurred more than five years prior to filing suit, Collins's statute of limitations defense is apparent on the face of R.A. Doe's Complaint. *See* §5524(7); *Wisniewski*, 857 F.3d at 157; *Fox v. Lackawanna Cnty.*, No. 3:16-CV-1511, 2017 WL 5007905, at *2 (M.D.Pa. Nov. 2, 2017) (granting defendants' Rule 12(b)(6) motion to dismiss two plaintiffs' claims where all claims fell outside the statutory window, making it clear from the face of the complaint that their causes of action were untimely filed). In line

with this Court's March 30, 2021 Memorandum and Order, all of R.A. Doe's claims will be dismissed with prejudice. (*See* Doc. 35; Doc. 36; Doc. 38).

## 2. Timeliness of J. Doe's Claims Prior to May 31, 2017

Collins further seeks to dismiss J. Doe's claims involving alleged assaults which took place before May 31, 2017 as time-barred. (Doc. 31). Opposing Collins's motion to dismiss, J. Doe invokes the continuing violations doctrine, arguing the doctrine tolled the two-year statute of limitations with respect to her pre-May 31, 2017 claims. (Doc. 38).

The continuing violations doctrine provides "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time-barred." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)). As a matter of policy, "[t]he continuing violations doctrine recognizes that there may be situations where the illegality of a defendant's conduct becomes apparent only over a period of time and, in such cases, an otherwise diligent plaintiff should not be penalized for his or her delay in filing suit." *Turner v. Lopez*, No. 3:15-

- 7 -

0542, 2015 WL 4066911, at *3 (M.D.Pa. July 2, 2015) (citing *Foster v. Morris*, No. 05-4765, 2006 WL 3712949, at *177-78). The doctrine, which "is an equitable exception to the timely filing requirement," has an "understandably narrow" reach. *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014) (quoting *Cowell*, 263 F.3d at 292). The continuing violations doctrine usually applies to employment discrimination cases "where only in retrospect will a plaintiff recognize . . . . a larger discriminatory pattern." *Tearpock*, 756 F.3d at 236 (citing *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165-67 (3d Cir. 2013)). However, the doctrine's typically narrow application does not preclude its application to other contexts. *Cowell*, 263 F.3d at 292 (citing *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991); *Centifanti v. Nix*, 865 F.2d 1422, 1432-33 (3d Cir. 1989) (holding continuing violations doctrine applied to a plaintiff's §1983 claim)).

To benefit from the continuing violations doctrine, a plaintiff must establish: (1) that "the last act evidencing the continuing practice falls within the limitations period" and (2) that "the defendant's conduct is more than the occurrence of isolated or sporadic acts." *Cowell*, 263 F.3d at 292. Here, "the last act evidencing the continuing practice" falls within the limitations period because J. Doe alleges Collins assaulted her on three occasions within the

- 8 -

statutory window: late 2017, November 2018, and February 2019. (Doc. 1). Therefore, this Court should assess whether Collins's conduct "is more than the occurrence of isolated acts." This inquiry requires consideration of three factors: (1) subject matter—whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency—whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence—whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. *Cowell*, 263 F.3d at 292 (citing *Berry v. Board of Supervisors of Louisiana State Univ.*, 715 F.2d 971, 981 (5th Cir. 1983)). Of the three factors, "the consideration of 'degree of permanence' is the most important" and "[t]he focus of the continuing violations doctrine is on affirmative acts of the defendants." *Cowell*, 263 F.3d at 292.

However, "the continuing violations doctrine is not a substitute for a plaintiff's 'awareness of and duty to assert his/her rights' in a timely fashion." *Bennett v. Susquehanna Cnty. Children and Youth Servs.*, 592 Fed. Appx. 81, 85 (3d Cir. 2014) (quotation omitted). A plaintiff's awareness of injury limits application of the continuing violations doctrine: where a defendant's

conduct consists of an "actionable injury of which a reasonable plaintiff should have been aware, the doctrine has no application." *Turner*, 2015 WL 4066911, at *3 (citing *Seawright v. Greenberg*, 233 Fed. Appx. 145, 149 (3d Cir. 2007); *see also Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 417 n.6 (3d Cir. 2003) (continuing violations doctrine does not apply to injuries that occurred before the filing period if the plaintiff was aware of those injuries at the time they occurred). Stated otherwise, the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information." *Kichline*, 800 F.2d at 360. Moreover, "if prior events should have alerted a reasonable person to act at that time the continuing violations theory will not overcome the relevant statute of limitations." *Turner*, 2015 WL 4066911, at *3 (citing *King v. Township of East Lampeter*, 17 F. Supp. 2d 394, 416 (E.D. Pa. 1998), *aff'd*, 182 F.3d 903 (3d Cir. 1999)).

In this case, J. Doe complains of inappropriate sexual solicitations by Collins in 2012 and 2013—five and four years outside the statutory window, respectively. (Doc. 1). J. Doe also alleges Collins first sexually assaulted her in 2014 and that in 2015, she reported Collins's assaults and solicitations to two law enforcement agents. (Doc. 1). Here, the nature of J. Doe's allegations against Collins are clearly not the type of conduct—where injury

- 10 -

or the illegality of a defendant's conduct only become apparent over an extended period—contemplated by the continuing violations doctrine. *See Tearpock*, 756 F.3d at 236; *see also Turner*, 2015 WL 4066911, at *3. Instead, Collins's alleged actions consisted of an "actionable injury of which a reasonable plaintiff should have been aware," rendering the continuing violations doctrine inapplicable. *See Seawright*, 233 Fed. Appx. at 149; *see also Morganroth*, 331 F.3d at 417 n.6; *see also Turner*, 2015 WL 4066911, at *3. Because (1) the complaint alleges facts which should have triggered J. Doe's awareness of and duty to assert her rights, and (2) she was or should have been aware of her injuries at the time they occurred, the continuing violations doctrine does not apply. *See Cowell*, 263 F.3d at 292; *see also Morganroth*, 331 F.3d at 417 n.6. Instead, the present facts warrant a straightforward application of the two-year statute of limitations, and J. Doe's pre-May 31, 2017 claims should be dismissed with prejudice. *See Cowell*, 263 F.3d at 292; *see also Morganroth*, 331 F.3d at 417 n.6.

## B. J. Doe's Fourth and Fourteenth Amendment Claims

Collins also argues in his motion to dismiss that Counts II through V of the Complaint fail to state Fourth and Fourteenth Amendment claims upon which relief can be granted. In considering this argument, this Court has

already determined that Counts IV and V brought by R.A. Doe are barred by the applicable statute of limitations.

Collins argues that Count II brought by J. Doe should be dismissed with prejudice because while Count II alleges "a violation of [J. Doe's] right to bodily integrity under the Fourth and Fourteenth Amendments," violations of bodily integrity pertain solely to the Fourteenth Amendment.

Collins further argues that Count III brought by J. Doe should be dismissed with prejudice because while Count III cites J. Doe's "right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments," Collins insists that pursuant to the more-specific provision rule, those claims pertain solely to the Fourth Amendment. Collins therefore moves to dismiss Count III entirely.

J. Doe references this Court's March 30, 2021 Memorandum and Order to support her request that this Court deny Defendant's 12(b)(6) motion insofar as the more-specific provision argument. (Doc. 35; Doc. 36; Doc. 38). In the March 30, 2021 Memorandum and Order, this Court denied a similar Rule 12(b)(6) motion to dismiss by Defendant City of Wilkes-Barre. (Doc. 35; Doc. 36). This Court noted that at this stage of the proceedings, J. Doe's Fourth and Fourteenth Amendment claims would be permitted to

proceed, as J. Doe pled sufficient facts to plausibly give rise to entitlement to relief. *See Iqbal*, 556 U.S. at 679; *see also* Doc. 35; Doc. 36.

In line with this Court's March 30, 2021 Memorandum and Order, J. Doe will be permitted to proceed, and defendant's motion to dismiss J. Doe's Fourth and Fourteenth Amendment claims will be denied.

### C. Anonymous Proceedings

Finally, Collins motions this Court to require J. Doe and R.A. Doe to proceed as named plaintiffs. (Doc. 31). In support of his motion, Collins argues that the public nature of our courts compels this Court to require Plaintiffs to proceed as named litigants. (Doc. 31). Collins further argues that, while allowing Plaintiffs to proceed anonymously falls within this Court's discretion, the facts in this case do not implicate exceptional circumstances that warrant anonymity. (Doc. 31). In their brief in opposition, Plaintiffs allege the high-profile nature of this case warrants anonymous proceedings but concede that the issue is squarely within the discretion of this Court. (Doc. 38).

Indeed, "one of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829));

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). The Federal Rules of Civil Procedure reflect this essential quality of our courts, requiring that every pleading have a title which "must name all the parties." Fed.R.Civ.P. 10(a). Further, Rule 17(a)(1) requires "[a]n action must be prosecuted in the name of the real party in interest." While not enumerated in the Federal Rules of Civil Procedure, courts permit parties to proceed anonymously under exceptional circumstances. *Megless*, 654 F.3d at 408 ("Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" (citing *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D.Pa. 1990))).

A party wishing to proceed anonymously must show both: (1) a fear of severe harm and (2) that their fear of severe harm is reasonable. *Megless*, 654 F.3d at 408 (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). Showing potential embarrassment or economic harm is insufficient. *Megless*, 654 F.3d at 408 (citing *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008)). Once a litigant shows their reasonable fear of severe harm, "courts of appeal are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation

- 14 -

process." *Megless*, 654 F.3d at 408 (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90; *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). The following factors favor anonymity:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

*Megless*, 654 F.3d at 409 (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997)). The following factors disfavor anonymity:

> "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

*Megless*, 654 F.3d at 409 (citing *Provident Life*, 176 F.R.D. at 467).

- 15 -

Here, while Plaintiffs point to the high-profile nature of the case as favoring proceeding anonymously, such a showing is insufficient to show the requisite "fear of severe harm." *Megless*, 654 F.3d at 408. Without such a showing, this Court cannot find Plaintiffs' interest in proceeding anonymously outweighs the need for courts to be publicly accessible. *See Megless*, 654 F.3d at 408-09. Accordingly, Collins's motion for Plaintiffs to proceed as named litigants will be granted.

In light of the foregoing, Collins's motion to dismiss will be granted in part and denied in part. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: August 19, 2021**
19-938-02

- 16 -